Defendant-appellant William C. Luther appeals from his convictions in the Lorain County Court of Common Pleas for one count of engaging in a pattern of corrupt activity, two counts of aggravated robbery, two counts of theft, three counts of possession of criminal tools, two counts of receiving stolen property, one count of conspiracy to commit aggravated robbery, and one count of carrying a concealed weapon. This Court affirms.
 I.
Luther was investigated by the Lorain County Sheriff's Department and the Federal Bureau of Investigation ("FBI") for a pattern of armed robberies committed in 1997.
On April 28, 1998, Luther was indicted by the Lorain County Grand Jury on a twelve count indictment: one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1); two counts of aggravated robbery, in violation of 2911.01(A)(1); two counts of theft, in violation of R.C. 2913.02(A)(4); three counts of possession of criminal tools, in violation of R.C. 2923.24(A); two counts of receiving stolen property, in violation of R.C. 2913.51(A); one count of conspiracy to commit aggravated robbery, in violation of R.C. 2923.01(A)(1) and 2911.01(A)(1); and one count of carrying a concealed weapon, in violation of R.C. 2923.12(A). Excepting the charges for carrying a concealed weapon and conspiracy, each of the counts included a firearm specification pursuant to R.C. 2941.145. The matter proceeded to a jury trial, whereupon Luther was found guilty as charged.
Luther timely appeals, asserting four assignments of error.
 II. FIRST ASSIGNMENT OF ERROR PREJUDICIAL ERROR WAS COMMITTED BY THE ADMISSION OF IRRELEVANT AND UNFAIRLY PREJUDICIAL HEARSAY TESTIMONY IN VIOLATION OF THE RULES OF EVIDENCE AND APPELLANT'S RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
In his first assignment of error, Luther claims that the admission of certain testimony from four witnesses constituted prejudicial error by the trial court. Specifically, Luther challenges portions of the testimony given by Mary Smith, Deputy Ballard Bates of the Spokane County (State of Washington) Sheriff's Department, John Luther, and Kerri Smith. This Court disagrees.
A trial court enjoys broad discretion in determining the admissibility of evidence and its decision should not be reversed absent an abuse of discretion that has caused the defendant material prejudice. See Statev. Hymore (1967), 9 Ohio St.2d 122, certiorari denied (1968), 390 U.S. 1024, 88 S.Ct. 1409, 20 L.Ed.2d 281.
As a threshold matter, this Court notes that Luther failed to object to the testimony of Mary Smith, Deputy Bates, and John Luther at trial. It is well settled that a failure to timely object when an alleged error occurred constitutes a waiver of the claim on appeal. See State v.Maurer (1984), 15 Ohio St.3d 239, 260, certiorari denied (1985), 472 U.S. 1012, 105 S.Ct. 2714, 86 L.Ed.2d 728. Accordingly, the claims are deemed waived.
Since Luther failed to object to the testimony of Mary Smith, Deputy Bates, and John Luther, this Court examines Luther's claim under the plain error rule. Crim.R. 52(B). "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. The Ohio Supreme Court has set forth the standard for plain error: "The appellate court must examine the error asserted by the defendant-appellant in light of all of the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred." State v. Slagle (1992), 65 Ohio St.3d 597, 605, certiorari
denied (1993), 510 U.S. 833, 114 S.Ct. 106, 126 L.Ed.2d 72.
 Deputy Ballard Bates Luther claims he was prejudiced when Deputy Bates testified that Richard Luther (one of the defendant's brothers) was stopped in Spokane, Washington and found to have neo-Nazi literature. As indicated above, the defendant failed to object to this testimony.
Upon review, this Court finds no plain error. The testimony of Deputy Bates was relevant background information that helped to develop the identity and scope of the criminal enterprise between the Luther brothers. See Evid.R. 401; R.C. 2923.32(A)(1).
 Mary Smith Luther objects to the testimony of witness Mary Smith, when she testified that John Luther (one of the defendant's brothers) lived at the Aryan Nations compound in Idaho, and that John Luther revealed that he used Kerri Smith's vehicle as the getaway car in a robbery. As stated above, this testimony was not objected to and is deemed waived.
Upon review, this Court finds no plain error. The testimony of Mary Smith was relevant background information that tied the defendant to his brother and further evinced a criminal enterprise. See Evid.R. 401; R.C. 2923.32(A)(1). Moreover, the statements made by John Luther were permissible as exceptions to the rule against hearsay as statements against interest. See Evid.R. 804(B)(3).
 C. John Luther
The defendant claims that he was prejudiced by the state's questioning of his brother, and co-conspirator, John Luther. Specifically, John Luther refused to answer any questions, whereupon the state asked leading questions of him that incorporated his statements to police. The defendant failed to object at trial, and, therefore, the matter is waived.
This Court cannot find plain error. Questions by the state are not evidence. Leading questions of hostile witnesses are consonant with the rules of evidence. See Evid.R. 611(C).
 Kerri Smith Luther argues that the trial court erred by admitting the testimony of Kerri Smith, when she disclosed that John Luther had told her of two bank robberies and the involvement of his brothers, Richard and the defendant, William C. Luther. The defendant did object to this testimony.
The testimony of Kerri Smith was properly admitted as a statement by a co-conspirator, an express exception to the rule against hearsay. See Evid.R. 801(D)(2)(e). So long as proof of a conspiracy is submitted before the case goes to the jury, a statement of the type in this case is properly admitted as an exception to hearsay. See State v. Smith (2000),87 Ohio St.3d 424, 434. This Court concludes there was ample testimony of the conspiracy to commit armed robberies by the defendant, his two brothers John and Richard Luther, and Scott Smith. Victims at the scene of two robberies and a FBI informant tied the criminal enterprise together from which the conspiracy could be inferred.
The defendant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR WILLIAM LUTHER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN COUNSEL FAILED TO OBJECT TO INADMISSIBLE, PREJUDICIAL HEARSAY TESTIMONY.
In his second assignment of error, Luther claims that his counsel was ineffective for failing to object to the portions of the testimony of witnesses Mary Smith, Deputy Bates, and John Luther set forth in the first assignment of error. This Court disagrees.
 A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693,104 S.Ct. 2052. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 111 L.Ed.2d 768,110 S.Ct. 3258. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. See State v. Smith
(1985), 17 Ohio St.3d 98, 100.
As set forth in the first assignment of error, infra, the testimony of Mary Smith and Deputy Bates was properly admitted as relevant evidence. See Evid.R. 401. As for the questions posed by the state to John Luther, questions tendered with a good faith basis by the state are properly made. See State v. Gillard (1988), 40 Ohio St.3d 226, 230. Withholding objection to admissible questions and testimony does not demonstrate the violation of an essential duty or prejudice pursuant to the stringent Strickland standard. Accordingly, counsel's actions were reasonable and effective in the instant case.
Luther's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE ADMISSION OF FBI AGENT GRAUPMANN'S OPINION TESTIMONY THAT THE INFORMANT WAS CREDIBLE, AND THAT THE MOST RELIABLE INFORMANT HE HAD EVER MET INFRINGED UPON THE ROLE OF THE JURY AND WAS PREJUDICIAL, REVERSIBLE ERROR.
In his third assignment of error, Luther argues that Special Agent Paul Graupmann improperly bolstered the credibility of informant Frank Gordon. This Court disagrees.
On cross-examination by defense counsel, Special Agent Graupmann testified in two separate instances that Gordon was a reliable informant who provided information that was later corroborated by law enforcement. In each instance, Luther failed to timely object to the
 testimony.[1] Accordingly, the claim is waived. Maurer, supra.
 Luther's claim is also substantively without merit. The testimony was elicited on cross-examination by defense counsel. Under the doctrine of invited error, a party may not assign as error that which was invited or induced by the complaining party. See State v. Barnett (1990), 67 Ohio App.3d 760, 769, citing Center Ridge Ganley, Inc. v. Stinn (1987), 31 Ohio St.3d 310. Accordingly, Luther's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR MR. LUTHER'S RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTCLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED BY THE MISCONDUCT OF THE PROSECUTOR.
In his fourth assignment of error, Luther argues he was prejudiced by the state's references to Luther's involvement with white supremacism. This Court disagrees.
Over the course of an extended trial, the state made ten discreet references to Luther's involvement with neo-Nazism. One occasion came during voir dire, where prospective jurors were asked whether anyone felt friendly to such organizations. The defense failed to object to this query by the state. Accordingly, the claim is waived. Maurer, supra.
Six of the references were elicited from witnesses by defense counsel on cross-examination. Under the doctrine of invited error, no reversible error has been presented. Barnett, supra.
That leaves three instances where the state elicited testimony related to neo-Nazism from its witnesses. The references revolve around testimony from Mary Smith and Frank Gordon regarding the Aryan Nations' compound in Idaho, where John and Richard Luther fled as pre-planned after completion of their part in two armed robberies. As to this testimony, Luther did not object. Therefore, the claim is waived.Maurer, supra.
Even if Luther had objected, the evidence was properly admitted. The testimony was part of the factual milieu of the case, and was relevant evidence. See Evid.R. 401.
Luther's fourth assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 _______________ CARR, Judge
BATCHELDER, P. J., WHITMORE, J. CONCUR
[1] When Special Agent Graupmann identified informant Frank Gordon as reliable, an objection by counsel for co-defendant Scott Smith did not come until several questions later related to testimony about Defendant Luther's federal convictions.